Aileen Shepherd Kell (SBN 320678)
ASK IP LAW
P.O. Box 6112
Big Bear Lake, California 92315
Telephone: (619) 564-1516
Email: aileen@askiplaw.com

Attorney for Plaintiffs,
JESSICA BONHAM and TABLE TOP FURNISHINGS, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

JESSICA BONHAM, an individual; and TABLE TOP FURNISHINGS, LLC, a limited liability company,

*Plaintiffs*

v.

COLBY HAWKINS, an individual; HAWKINS WOODSHOP, LLC, a limited liability company; and DOES 1 through 10, inclusive,

*Defendants*

CASE NO.:

**COMPLAINT FOR:**

1. **Copyright Infringement, 17 U.S.C. §§ 106 and 501;**
2. **Providing and Distributing False Copyright Management Information, 17 U.S.C. § 1202(a);**
3. **False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A);**
4. **False Advertising, 15 U.S.C. § 1125(a)(1)(B); and**
5. **Unfair Competition, Cal. Bus. & Prof. Code § 17200.**

**DEMAND FOR JURY TRIAL**

Plaintiffs Jessica Bonham ("Bonham") and Table Top Furnishings, LLC ("Table Top") allege as follows:

## NATURE OF THE ACTION

1. This action arises from Defendants' unauthorized commercial use of nine copyrighted photographs created by Bonham for Table Top's furniture business (the "Subject Photographs"). Defendants copied and posted the Subject Photographs on their website and/or Facebook Marketplace listings to market Defendants' furniture business.

2. Defendants also intentionally placed Hawkins Woodshop branding on four Subject Photographs and distributed these photographs on Defendants' Facebook Marketplace account without Plaintiffs' knowledge or consent. This falsely identified or conveyed ownership and source information for Bonham's photographs, and the furniture depicted in the photographs.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq., including 17 U.S.C. § 1202.

4. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants reside in and conduct business in California, including at 1003 Elmer Dr, Arbuckle, CA 95912 and/or 1000 Lincoln Road, Suite H 802, Yuba City, California 95991, within this District.

5. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants reside in this District and a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

6. Plaintiff Bonham is an individual who resides at 787 Shavey Ln, Springville, UT 84663.

7. Plaintiff Table Top is a limited liability company. Its principal place of business is 787 Shavey Ln, Springville, UT 84663. Bonham is Table Top's sole member.

8. Defendant Colby Hawkins ("Hawkins") is an individual who, on information and belief, resides at 1003 Elmer Dr, Arbuckle, CA 95912.

9. Defendant Hawkins Woodshop, LLC ("Hawkins Woodshop") is a limited liability company that, on information and belief, conducts business at 1000 Lincoln Road, Suite H 802, Yuba City, California 95991.

10. On information and belief, Hawkins owns, controls, and/or directs Hawkins Woodshop and personally participated in, directed, authorized, ratified, or had the right and ability to supervise the acts alleged in this Complaint.

11. Plaintiffs are ignorant of the true names and capacities of Defendants sued as DOES 1 through 10, inclusive. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe,

and on that basis allege, that each Doe Defendant participated in, authorized, directed, or ratified the conduct alleged below.

## FACTUAL ALLEGATIONS

### A. The Subject Photographs and Copyright Registration

12. Bonham created and owns the copyrights in the Subject Photographs

13. The Subject Photographs depict Table Top's custom furniture pieces and were created by Bonham for Table Top's furniture business.

14. Bonham registered the Subject Photographs with the United States Copyright Office, Registration No. VAu 1-589-106 ("the Registration"). The effective date of registration is May 14, 2026. A true and correct copy of the Registration certificate is attached as **Exhibit A**.

15. The Subject Photographs are identified in the Registration as: image 1.jpg, image 2.jpg, image 10.jpg, image 11.jpg, image 12.jpg, image 13.jpg, image 16.jpg, image 17.jpg, and image 18.jpg. True and correct representations of the Subject Photographs are attached hereto as **Exhibit B** in numerical order beginning with image 1.jpg.

16. True and correct representations of the corresponding unauthorized uses of said photographs, are attached hereto as **Exhibit C**. These reflect non-exhaustive examples of uses of the various Subject Photographs without authorization.

**B. <u>Defendants' Unauthorized Commercial Use of the Subject Photographs</u>**

17. On or about March 8, 2026, Bonham conducted a reverse-image search for one of her photographs depicting a custom furniture piece she had created. This search revealed that Defendants posted Bonham's photo on Defendants' website and Facebook Marketplace. Thereafter, Bonham discovered that Defendants had intentionally taken eight additional Subject Photographs from Plaintiffs' website and social media accounts and posted them to Defendants website and/or Facebook Marketplace.

18. Defendants posted the Subject Photographs on Defendants' website and/or Facebook Marketplace without Plaintiffs' knowledge or permission, to promote and market Defendants' furniture business.

19. Defendants' uses were commercial. Defendants used the Subject Photographs to advertise goods and solicit customer transactions for Hawkins Woodshop, intentionally diverting sales from Plaintiffs to Defendants.

20. On information and belief, Hawkins personally participated in, directed, authorized, or approved the selection, posting, and use of the Subject Photographs to advertise goods and solicit customer transactions for Hawkins Woodshop.

21. On March 11, 2026, Plaintiffs, by way of former counsel, sent Defendants a cease-and-desist letter concerning the unauthorized use of Plaintiffs' photographs.

22. That same day, March 11, 2026, Hawkins emailed Bonham and admitted that

"some photos appearing on my website and Facebook Marketplace listings may have originated from your business and were not from projects we contracted with you."

23. Plaintiffs never shard the Subject Photographs with Defendants.

24. Defendants obtained the Subject Photographs from Plaintiffs' business website and social-media accounts, used them without permission for Defendants' commercial benefit, applied Hawkins Woodshop branding to certain photographs, and distributed them as advertisements for Hawkins Woodshop.

**C. <u>Defendants' False Copyright Management Information ("CMI")</u>**

25. Defendants added a Hawkins Woodshop watermark to image 1.jpg, image 2.jpg, image 11.jpg, and image 13.jpg.

26. The watermark read: "HAWKINS WOODSHOP.COM ARTISAN HANDCRAFTED FURNITURE MADE IN USA," and included icons for Hawkins Woodshop's Better Business Bureau rating, Facebook page, and "Made to Order in the USA."

27. Defendants published the four watermarked Subject Photographs to Facebook Marketplace. Defendants created an individual Facebook Marketplace listing for each photograph and displayed a price of $1,234 for each listing.

28. By adding and distributing that watermark on the Subject Photographs, Defendants falsely identified Hawkins Woodshop as the owner of the photographs

and that the furniture depicted in the photographs was created by, offered by, or available from Hawkins Woodshop.

29.Defendants added the watermark to the four Subject Photographs and distributed them without Plaintiffs knowledge or consent.

30.On information and belief, Hawkins personally added, directed, authorized, or approved the addition of the Hawkins Woodshop watermark and the distribution of the watermarked photographs through Hawkins Woodshop's Facebook Marketplace listings and other online advertising. Defendants knew, or had reasonable grounds to know, that the Hawkins Woodshop watermark and their ownership assertions were false. The false CMI was supplied and distributed with the intent to induce, enable, facilitate, or conceal Defendants' infringement.

31.On June 26, 2026, Plaintiffs, through current counsel, sent Defendants a second cease-and-desist letter and demand for settlement.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement - 17 U.S.C. §§ 106, 501, 504**
**(Against All Defendants)**

32.Plaintiffs incorporate by reference paragraphs 1 through 31.

33.Bonham owns a valid copyright in the Subject Photographs, Registration No. VAu 1-589-106, effective May 14, 2026.

34.Without Plaintiffs' authorization, Defendants copied, reproduced, displayed, distributed, and used the Subject Photographs on Defendants' website and

Facebook Marketplace listings.

35. Defendants' conduct infringed Bonham's exclusive rights under 17 U.S.C. § 106 and constitutes copyright infringement under 17 U.S.C. § 501.

36. Defendants' infringement was knowing and willful. Defendants' March 11, 2026 admission via email and their watermarking of four Subject Photographs demonstrate Defendants' knowledge of the origin and unauthorized nature of their use.

37. Hawkins personally participated in, directed, authorized, or approved the knowing commercial use of the Subject Photographs. Defendants used Plaintiffs' photographs to market Hawkins Woodshop's furniture business and added Hawkins Woodshop branding to four Subject Photographs.

38. Defendants knew, or subjectively believed, that this conduct would deprive Plaintiffs of control over their copyrighted photographs, commercial goodwill, attribution, the value of Plaintiffs' marketing materials, and divert customers from Plaintiffs to Defendants. Defendants acted without Plaintiffs' authorization, just cause, or excuse.

39. As a direct and proximate result of Defendants' infringement, Plaintiffs have sustained damages in an amount to be proven at trial. Defendants have also realized profits attributable to their infringement, the amount of which is presently unknown to Plaintiffs and within Defendants' possession, custody, or control.

40. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to actual damages and disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs rights in the Subject Photographs.

**SECOND CLAIM FOR RELIEF**
**Providing and Distributing False Copyright Management Information**
**17 U.S.C. § 1202(a)**
**(Against All Defendants)**

41. Plaintiffs incorporate by reference paragraphs 1 through 40.

42. The Hawkins Woodshop watermark constitutes CMI within the meaning of 17 U.S.C. § 1202(c), including information identifying the copyright owner and information concerning the source or ownership of the works.

43. Defendants knowingly provided and distributed false copyright management information by applying the Hawkins Woodshop watermark to image 1.jpg, image 2.jpg, image 11.jpg, and image 13.jpg, and by distributing those watermarked photographs through Facebook Marketplace listings.

44. Defendants knew that the CMI was false. Defendants provided and distributed the false CMI with the intent to induce, enable, facilitate, or conceal infringement of Plaintiffs' copyrights.

45. Defendants' acts violated 17 U.S.C. § 1202(a).

46. Plaintiffs were injured by Defendants' violation of 17 U.S.C. § 1202(a), including through the loss of proper attribution, the false designation of Hawkins

Woodshop as the source or owner of the Subject Photographs, and the commercial exploitation of those photographs to promote Defendants' business and divert sales from Plaintiffs to Defendants.

47. Under 17 U.S.C. § 1203(c)(3)(B), Plaintiffs elect statutory damages for the § 1202(a) violations in an amount of not less than $2,500 and not more than $25,000 for each violation, as the Court considers just.

48. Plaintiffs are also entitled to recover reasonable attorney's fees and costs under 17 U.S.C. § 1203(b)(5).

**THIRD CLAIM FOR RELIEF**
**False Designation of Origin**
**15 U.S.C. § 1125(a)(1)(A)**
**(Against All Defendants)**

49. Plaintiffs incorporate by reference paragraphs 1 through 48.

50. Defendants used the Subject Photographs depicting furniture created by Bonham for Table Top's furniture business in commerce and in connection with Hawkins Woodshop's goods, services, and commercial activities.

51. Through the Hawkins Woodshop watermark, online displays, Facebook Marketplace listings, and other advertisements, Defendants falsely represented or misleadingly implied that the furniture shown in the Subject Photographs was made by, originated with, was sponsored by, was approved by, or was otherwise affiliated with Hawkins Woodshop.

52. Defendants' representations were likely to cause confusion, mistake, or

deception among consumers as to the origin, sponsorship, approval, affiliation, or association of Defendants' goods, services, and commercial activities with Plaintiffs' furniture busisness.

53. Defendants' conduct constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

54. Plaintiffs have suffered injury to their commercial interests, including loss of sales, goodwill, and control over the marketplace presentation of Plaintiffs' furniture, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
**False Advertising**
**15 U.S.C. § 1125(a)(1)(B)**
**(Against All Defendants)**

55. Plaintiffs incorporate by reference paragraphs 1 through 54.

56. Defendants disseminated the Subject Photographs through commercial advertising and promotion, including on their website and Facebook Marketplace listings to promote sales for Defendants' furniture business.

57. In that advertising and promotion, Defendants used the Subject Photographs to make false or misleading representations of fact that furniture created by Bonham for Table Top was furniture created by, offered by, or available from Defendants.

58. The representations were material because they were likely to influence consumers' purchasing decisions about the source, quality, design, and

characteristics of the furniture Defendants offered for sale.

59. The representations were false or misleading, likely to deceive a substantial segment of the intended audience, and harmed Plaintiffs by diverting sales and goodwill to Defendants.

60. Defendants' conduct constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

**FIFTH CLAIM FOR RELIEF**
**Unfair Competition**
**California Business and Professions Code § 17200**
**(Against All Defendants)**

61. Plaintiffs incorporate by reference paragraphs 1 through 60.

62. Defendants engaged in unlawful, unfair, and fraudulent business acts and practices by using the Subject Photographs depicting images of Plaintiffs' furniture in commercial advertising and by falsely representing or implying that the furniture depicted was made by, offered by, sponsored by, or affiliated with Defendnats.

63. Defendants' conduct is unlawful because it violates, among other laws, 15 U.S.C. § 1125(a) and 17 U.S.C. § 1202(a).

64. Defendants' conduct is unfair because it misappropriated the commercial value and goodwill of Plaintiffs' photographs, showcasing the furniture created by Bonham for Table Top's furniture business, to secure an improper commercial advantage in direct competition with Plaintiffs.

65. Defendants' conduct is fraudulent because members of the public were likely

to be deceived about the source, sponsorship, approval, affiliation, and commercial origin of the furniture shown in the Subject Photographs that Defendants distributed in advertisements.

66. Plaintiffs suffered injury in fact and lost money or property as a result of Defendants' unfair competition, including through diverted sales, loss of goodwill, and the unauthorized commercial use of their marketing materials.

67. Plaintiffs are entitled to restitution as permitted by California Business and Professions Code §§ 17203 and 17204.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants, jointly and severally where permitted by law, as follows:

A. That Defendants and all persons acting in concert or participation with them be enjoined from copying, reproducing, displaying, distributing, advertising with, or otherwise using the Subject Photographs;

B. Plaintiffs' actual damages and Defendants' profits attributable to copyright infringement, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial;

C. Defendants' profits, Plaintiffs' damages, and the costs of the action for Defendants' Lanham Act violations, with any enhancement permitted by 15 U.S.C. § 1117(a);

D. Restitution as permitted by California Business and Professions Code § 17203;

E. Statutory damages for the § 1202(a) violations under 17 U.S.C. § 1203(c)(3)(B), in an amount to be determined by the Court;

F. Plaintiffs' reasonable attorney's fees and costs for the § 1202(a) claim under 17 U.S.C. § 1203(b)(5), and for the Lanham Act claims under 15 U.S.C. § 1117(a);

G. Prejudgment and post-judgment interest as allowed by law; and

H. Such other and further relief as the Court deems just and proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 19, 2026

ASK IP LAW

/s/ Aileen Shepherd Kell
Aileen Shepherd Kell, Esq.
Attorney for Plaintiffs Jessica Bonham
and Table Top Furnishings, LLC